UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AISHA THOMPSON                                    CIVIL ACTION

VERSUS                                            NO. 15-5455

BEACON BEHAVIORAL HOSPITAL,                       SECTION "B"(5)
INC., ET AL.

ORDER AND REASONS

I.   NATURE OF MOTION AND RELIEF SOUGHT

Before the court is Defendants', Beacon Behavioral
Hospital, Inc., et al, "Motion for Summary Judgement" (Rec. Doc.
30) and Plaintiff's, Aisha Thompson, "Opposition to Defendants'
Motion for Summary Judgement" (Rec. Doc. 36) and Defendants'
"Reply Memorandum in Support of Motion for Summary Judgement"
(Rec. Doc. 37-1). Defendants seek summary judgment, claiming
their adverse employment actions towards the Plaintiff were not
in response to her pregnancy. For the reasons set forth below,
**IT IS ORDERED** that the Defendants' Motion for Summary Judgement
is **DENIED.**

II.  FACTS AND PROCEDURAL HISTORY

The undisputed facts are as follows. The Defendants',
Beacon Behavioral Hospital, et al, purchased a healthcare
facility formerly run by Magnolia Behavioral Healthcare in April
2015 (Rec. Doc. 36-1 at 2; Rec. Doc. 30-8 at 2). At the time of
purchase, Aisha Thompson, Plaintiff, was a nurse employed by

1

Magnolia Behavioral Healthcare at the facility (Rec. Doc. 30-8 at 2; Rec. Doc. 36-1 at 2.)Plaintiff states that she did not receive a notice from Magnolia regarding the change in management and only knew she needed to apply for a position at Beacon through word of mouth from a former Magnolia employee, Dianna Cangiolosi (Rec. Doc. 30-8 at 8; Rec. Doc. 36-1 at 9). Plaintiff submitted an online application to Beacon on April 3, 2015 (Rec. Doc. 30-8 at 10; Rec. Doc. 36-1 at 10). During the on-site interviews Beacon hired RN Angela Cutrer and RN Erica Pequet (Rec. Doc. 30-8 at 13; Rec. Doc. 36-1 at 13). An interview was never arranged between Plaintiff and Beacon (Rec. Doc. 30-8 at 14; Rec. Doc. 36-1 at 14). Plaintiff contacted Mr. Gary Burns on April 11, 2015, and over the next few days also contacted Human Resource Director Monica Guidry and Chief Operating Officer Debbie Tullier regarding her employment status (Rec. Doc. 30-8 at 15; Rec. Doc. 36-1 at 15). Initially Ms. Tullier informed the Plaintiff that the only position available was a "PRN" position on the night shift or an "as needed" position (Rec. Doc. 30-8 at 16; Rec. Doc. 36-1 at 16). Plaintiff eventually received an offer for a full-time LPN position and inquired about the details of her offer, including inquiries regarding pay, job functions and short term disability insurance (Rec. Doc. 30-8 at 18; Rec. Doc. 36-1 at 18). Plaintiff was seven months pregnant at the time and claimed she asked her

Magnolia supervisors about the ability to take FMLA leave (Rec.
Doc. 30-8 at 18; Rec. Doc. 36-1 at 18). However, Plaintiff did
not specifically mention to anyone at Beacon that she was
pregnant (Rec. Doc. 30-8 at 19; Rec. Doc. 36-1 at 19). Plaintiff
states that Beacon knew about her pregnancy and potential leave
because Ms. Cangiolosi, Ms. Guidry and Ms. Tullier discussed her
pregnancy during a meeting that took place before she was
offered her full time LPN position by Ms. Tullier (Rec. Doc. 30-
8 at 20; Rec. Doc. 36-1 at 20).

On August 2, 2016, Defendants filed a motion for summary
judgement (Rec. Doc. 30-1). On August 23, 2016, Plaintiff filed
an opposition to the motion for summary judgement (Rec. Doc.
36). On August 29, 2016, Defendants filed a reply to Plaintiff's
opposition.

**III. SUMMARY JUDGEMENT STANDARD**

Summary judgment is proper if the pleadings, depositions,
interrogatory answers, and admissions, together with any
affidavits, show that there is no genuine issue as to any material
fact and that the moving party is entitled to judgment as a matter
of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*,
477 U.S. 317, 327 (1986). A genuine issue exists if the evidence
would allow a reasonable jury to return a verdict for the
nonmovant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248
(1986). Although the Court must consider the evidence with all

reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted). Accordingly, conclusory rebuttals of the pleadings are

insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

## IV.  DISCUSSION

### A. Pregnancy Discrimination Claims

Title VII, the Pregnancy Discrimination Act and Louisiana Employment Discrimination Law prohibit employers from discriminating against their employees on the basis of pregnancy[1]. In order to establish a prima *facie case* of pregnancy discrimination; the Plaintiff must establish that (1) she was a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) others similarly situated were more favorably treated." *Standifer-Henderson v. Viamedia*, Inc., Case No. 12-636, 2013 U.S. Dist. LEXIS 183919, at *12 (E.D. Tex. Dec. 13, 2013) (citations omitted). Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to proffer a legitimate nondiscriminatory reason for its employment action. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005).

Defendants for the purposes of their motion assume that the Plaintiff has set forth a prima facie showing for her pregnancy discrimination claim (Rec. Doc. 30-1 at 9). Consequently, Defendants have the burden of proving through undisputed

---

[1] Louisiana courts have examined federal jurisprudence to interpret Louisiana discrimination laws." *King v. Phelps Dunbar, LLP*, 743 So. 2d 181, 187 (La. 1999).

5

material facts that there was a legitimate nondiscriminatory
reason for its employment action.

**1. Defendants' Decision to Employ Other Registered Nurses**

The Defendants contend that their decision to employ other
registered nurses is not evidence of pregnancy discrimination
because the plaintiff failed to appear at the facility to be
interviewed by Beacon personnel and that there were no more RN
positions when Plaintiff finally reached out to Beacon. However,
the Plaintiff applied to Beacon on April 3, 2015 with all of the
requisite documentation (Exhibit G). There is evidence that
Beacon was unsure of her employment status as of April 11, 2015
(Exhibit H). A material fact exists as to whether the plaintiff
failed to attend a scheduled interview or whether she was never
invited to an interview in the first place.

Furthermore, there is evidence that the Defendants placed an
online advertisement for Registered Nurses after the Defendants
communicated to Plaintiff that there were not any more
Registered Nurse Positions (Exhibit K). The Defendants' reply
motion allegation that this advertisement involved other
facilities does not negate this factual dispute. A reasonable
jury could decide that Beacon could have sent the two RN's they
hired to other facilities and therefore maintain a position for
the Plaintiff. This raises another genuine issue of material

fact regarding if Beacon's hiring of other RN's constitutes discrimination.

**2. Defendants' Rescission of Plaintiff's LPN offer**

The Defendants further argue that the rescission of the Plaintiff's LPN offer is not evidence of pregnancy discrimination because she (1) declined Beacon's offer and therefore they did not technically retract her offer and (2) she cannot prove that she faced differential treatment from other similarly situated employees.

The Defendants contend that the email that the Plaintiff sent on April 16, 2015 constituted a rejection of her LPN offer (Exhibit I). In Plaintiff's email she requested additional information regarding her offer. The Defendants argue that the request for additional information constitutes a rejection of the offer. "Proper acceptance of an offer is confected where the acceptance comports with all of the terms of the offer and any material variation of the original offered terms constitutes a rejection of the offer, and the creation of a counteroffer." *E.N. Bisso & Son v. World Marine Transp. & Salvage*, Case No. 94-9690, 1996 U.S. Dist. LEXIS 757, *at 10 (E.D. La. Jan. 23, 1996). However, a reasonable jury could interpret the email as merely asking for clarification and not requesting a material variation of the original offer terms. The plaintiff used the word "contingent" however a reasonable jury could find that the

Plaintiff was merely communicating what she had been told previously and not actually proposing additional terms.

The Defendants also contend that the Plaintiff cannot establish proof of discrimination in their decision to rescind her job offer because she cannot prove that she was treated differently from other similarly suited individuals. "Similarly situated" as a standard requires the Plaintiff to show other individuals conducted similar actions that led to her termination yet did not suffer the same treatment. *Lee v. Kan. City S. Ry. Co*, 574 F.3d 253, 260 (5th Cir. 2009). Here, the Defendants would have to prove that in the past they have also fired non-pregnant individuals for missing the first day of work and asking for clarification regarding their term of employment. A reasonable jury could look at the evidence presented by the Plaintiff and find that it is understandable that she was confused regarding whether or not she had to show up at work on April 13, 2015 and that her failure to appear for work did not require punitive action by the Defendants (Exhibit H).

**B. Family and Medical Leave Act Interference Claims**

"The FMLA prohibits employers from 'interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act'" *Shields v. Boys Town La.*, Inc., Case No. 15-3243, 2016 U.S. Dist. LEXIS 90116, at*25

(E.D. La. July 12, 2016).Defendants allege that the Plaintiff should not be entitled to relief under her FMLA inference claim. To establish a prima facie FMLA interference case, a plaintiff must show that: "(1) she was an eligible employee; (2) the defendant was an employer subject to the FMLA's requirements; (3) she was entitled to leave; (4) she gave proper notice of her intention to take FMLA leave; and (5) the defendant denied her the benefits to which she was entitled under the FMLA. Furthermore, employees bear the burden of proving a real impairment of their FMLA rights and resulting prejudice." *Shields v. Boys Town La.*, 2016 U.S. Dist. LEXIS 90116 at*25. Plaintiff argues that the Defendants interfered with her rights under the FMLA through terminating her employment. The Fifth Circuit recognizes a Plaintiff's future right to leave FMLA leave. *Shirley v. Precision Castparts Corp.*, 726 F.3d 675, 681–82 (5th Cir. 2013). However, the Fifth Circuit also holds that this right may be extinguished if the employer fires an employee for reasons unrelated to the rights under the Family Medical Leave Act. *Shirley v. Precision Castparts Corp.*, 726 F.3d at 682. Defendants argue that their termination was unrelated to the Plaintiff's attempt to exercise her FMLA rights as evidenced by the fact that the Plaintiff never told anyone at Beacon that she was pregnant or wanted FMLA leave. However, Ms. Diane Cangiolosi's declaration and deposition testimony create an

9

issue of material fact of whether Beacon was aware of the Plaintiff's pregnancy and request for FMLA leave. (Exhibit B, 47:14-50:14; 52:3-53:25; 61:23-62:24;68:15-24; Exhibit 4). Given the aforementioned issues of genuine material factual disputes regarding the events surrounding the Plaintiff's termination, summary judgement is not appropriate on the FMLA interference claims.

**C. Family and Medical Leave Act Retaliation Claims**

To establish a prima facie case of retaliation under the traditional McDonnell Douglas framework, the plaintiff must establish that: (1) she participated in an activity protected by the FMLA; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. *Shields v. Boys Town La.*, 2016 U.S. Dist. LEXIS 90116 at*27-28. Defendants' motion for summary judgement on the FMLA retaliation claims are inappropriate as well given the aforementioned genuine issues of material factual disputes on the second and third elements.

The Defendants' claim that the Plaintiff did not suffer adverse consequences under the second element of the prima facie requirements because she declined her job offer as an LPN. However, based on the Plaintiff's evidence a reasonable jury could conclude that her email to the Defendant did not

constitute a rejection of the job offer (Exhibit I). The Defendants also claims that the Plaintiff could not satisfy the third prong of the prima facie case and could not establish a causal connection that her pregnancy caused her to get fired. The Defendants contend that there is no indication the Beacon was aware that the Plaintiff was pregnant or wanted FMLA and therefore causation cannot exist. However, the Cangiolosi declaration coupled with the fact that the Plaintiff was seven months pregnant during the instant controversy creates a genuine issue of material fact. A jury could conclude that Beacon was aware of Plaintiff's pregnancy and desire to take FMLA and that Plaintiff's one day absence from work was merely a pretextual reason for her termination. Summary judgement is not appropriate as to the FMLA retaliation claim.

**V.    CONCLUSION**

As set forth more fully above, the Defendants cannot establish that there are no genuine dispute as to any material facts regarding the Plaintiff's pregnancy discrimination and FMLA claims. Accordingly **IT IS ORDERED** that Defendants' Motion for Summary Judgment be **DENIED.**

New Orleans, Louisiana, this 8th day of September, 2016.

_____

SENIOR UNITED STATES DISTRICT JUDGE